FENNEMORE CRAIG, P.C.
Ray K. Harris (No. 007408)
3003 North Central Avenue
Suite 2600
Phoenix, AZ 85012-2913
Telephone: (602) 916-5000
Email: rharris@fclaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

State Farm Mutual Automobile Insurance Company,

Plaintiff,

v.

LPL Licensing, L.L.C.; and Phoenix Licensing, L.L.C.,

Defendants.

No. ________________

**COMPLAINT FOR DECLARATORY JUDGMENT**

1. Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") alleges as follows for its Complaint for Declaratory Judgment against Defendants LPL Licensing, L.L.C. ("LPL") and Phoenix Licensing, L.L.C. ("Phoenix") (collectively "Defendants"):

**Parties**

2. Plaintiff State Farm is an Illinois corporation having its principal place of business located at One State Farm Plaza, Bloomington, Illinois, 61710. State Farm is an organization that markets and sells financial services and products.

3. On information and belief, Defendant LPL Licensing, L.L.C. is a Delaware limited liability company having a principal place of business at 10947 East Lillian Lane,

Scottsdale, AZ 85255.

4. On information and belief, Defendant Phoenix Licensing, L.L.C. is an Arizona limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, AZ 85255.

**Jurisdiction and Venue**

5. State Farm brings this civil action under the Patent Laws, Title 35 of the United States Code, and under 28 U.S.C. § 2201 to obtain a declaration of noninfringement and/or invalidity with respect to U.S. Patent Nos. 5,987,434; 6,076,072; and 6,999,938 ("the patents-in-suit").

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States.

7. On information and belief, both LPL and Phoenix have principal places of business in this district.

8. Venue is proper under Title 28 U.S. Code §§ 1391(b) and 1391(c), because *inter alia* both LPL and Phoenix reside in this venue.

**Background**

9. On information and belief, Phoenix is the assignee of the patents-in-suit; LPL has the exclusive right to license the patents-in-suit; and LPL at all times has acted in concert with and/or with the approval of Phoenix. On information and belief, the patents-in-suit are alleged to relate to apparatuses and methods for transacting, marketing, and selling financial products.

10. On June 24, 2005, LPL sent Mr. Stan Ommen, President of State Farm Bank, a letter alleging that State Farm Bank infringes multiple claims of U.S. Patent No. 5,987,434. In the same correspondence, LPL alleged that State Farm Bank and its affiliate companies in the "State Farm Group" are infringing claims of U.S. Patent No. 6,076,072. For the next 18 months, the parties communicated periodically, wherein LPL demanded

that State Farm pay for a license to use the subject matter of the patents-in-suit.

11. As of February of 2007, LPL began to threaten State Farm with patent litigation. On February 15, 2007, Mr. Rick Tache, LPL's attorney, communicated a calculation of royalties corresponding to a paid-up license. State Farm communicated through its counsel to LPL that State Farm would not pay the demanded royalty.

12. On April 24, 2007, Mr. Rick Tache and Mr. Shawn Diedtrich, an attorney and representative of LPL, respectively, met with State Farm's counsel at counsel's offices in Austin, Texas. LPL representatives alleged that State Farm infringed the patents-in-suit and supported their allegations as to U.S. Patent Nos. 5,987,434 and 6,999,938 with detailed claim charts and documents. At the meeting, the LPL representatives argued that State Farm's sales and marketing practices, customer communications, and advertisements fall within the claims of the patents-in-suit. The LPL representatives demanded that State Farm pay for a license to use the subject matter of the patents-in-suit.

13. On June 19, 2007, LPL's attorney, Mr. Rick Tache, contacted counsel for State Farm and demanded that State Farm pay for a license to use the subject matter of the patents-in-suit. During the telephone call, Mr. Tache further threatened State Farm with patent litigation as follows.

> If State Farm's answer is that State Farm is not interested in a license, then LPL will investigate its options. There is simply too much money on the table for LPL to walk away. LPL will eventually have to sue someone and it might as well be State Farm.
>
> I am not litigation counsel for LPL, so it makes no difference to me if State Farm wants to litigate. But I can tell you that LPL is talking to litigation counsel in Texas about its litigation options on several issues.

On information and belief, LPL is preparing to file a complaint against State Farm alleging that State Farm infringes the patents-in-suit.

14. In view of the facts and circumstances here, including: (1) LPL's assertions that State Farm infringes the patents-in-suit, (2) LPL's demands that State Farm pay royalties based upon identified activity of State Farm, (3) LPL's threats of a patent infringement lawsuit against State Farm, and (4) State Farm's contention that it has the right to engage in its accused sales and marketing practices without license, an actual controversy exists between State Farm and Defendants.

**First Count: Declaratory Judgment of Noninfringement and Invalidity of U.S. Patent No. 5,987,434**

15. State Farm hereby restates and re-alleges the allegations set forth in paragraphs 1-14 and incorporates them by reference.

16. On information and belief, Phoenix is the owner by assignment of U.S. Patent No. 5,987,434, entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products." A copy of U.S. Patent No. 5,987,434 is attached as Exhibit A.

17. State Farm has not infringed, is not infringing, directly, indirectly, contributorily, or otherwise, any valid claim of U.S. Patent No. 5,987,434.

18. State Farm cannot be liable for infringement of U.S. Patent No. 5,987,434 because the claims are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

**Second Count: Declaratory Judgment of Noninfringement and Invalidity of U.S. Patent No. 6,076,072**

19. State Farm hereby restates and re-alleges the allegations set forth in paragraphs 1-18 and incorporates them by reference.

20. On information and belief, Phoenix is the owner by assignment of U.S. Patent No. 6,076,072, entitled "Method and Apparatus for Preparing Client Communications Involving Financial Products and Services." A copy of U.S. Patent No.

6,076,072 is attached as Exhibit B.

21. State Farm has not infringed, is not infringing, directly, indirectly, contributorily, or otherwise, any valid claim of U.S. Patent No. 6,076,072.

22. State Farm cannot be liable for infringement of U.S. Patent No. 6,076,072 because the claims are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

**Third Count: Declaratory Judgment of Noninfringement and Invalidity of U.S. Patent No. 6,999,938**

23. State Farm hereby restates and re-alleges the allegations set forth in paragraphs 1-22 and incorporates them by reference.

24. On information and belief, Phoenix is the owner by assignment of U.S. Patent No. 6,999,938, entitled "Automated Reply Generation Direct Marketing System." A copy of U.S. Patent No. 6,999,938 is attached as Exhibit C.

25. State Farm has not infringed, is not infringing, directly, indirectly, contributorily, or otherwise, any valid claim of U.S. Patent No. 6,999,938.

26. State Farm cannot be liable for infringement of U.S. Patent No. 6,999,938 because the claims are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and/or 112.

**Prayer for Relief**

WHEREFORE, State Farm prays that this Court:

A. Declare that State Farm has not infringed and is not infringing any claim of U.S. Patent Nos. 5,987,434; 6,076,072; and 6,999,938.

B. Declare that all claims of U.S. Patent Nos. 5,987,434; 6,076,072; and 6,999,938 are invalid.

C. Declare this case exceptional under 35 U.S.C. § 285 and award State Farm its costs, disbursements, and attorney fees in connection with this action; and

D. Award State Farm such other and further relief as this Court may deem just and proper.

DATED this 10th day of July, 2007.

FENNEMORE CRAIG, P.C.

By *s/Ray K. Harris*
Ray K. Harris
Attorneys for Plaintiff